**In re U.S. SILICA CO. et al.**

**In re Badger Mining Corp.**

**In re Norton Co., et al.**

**In re Norton Co. (n/k/a/ Saint Gordon Abrasives) Siebe North Inc. and Textron Inc.**

**In re Bacou–Dalloz Safety, Inc.**

**Nos. 04–0270, 04-0271, 04-0297, 04-0308, 04-0309.**

Supreme Court of Texas.

Feb. 11, 2005.

Henry S. Platts, David E. Sharp, Beirne Maynard & Parsons, L.L.P., Chester J. Makowski, Keith N. Uhles, Royston Rayzor Vickery & Williams, L.L.P., Houston, and David C. Garza, Garza & Garza, L.L.P., Brownsville, for Relator.

Cynthia Hardy Smith, Adam Tyler Fox, Cynthia Hardy Smith, Angela Clanton, Strasburger & Price, L.L.P., and William C. Dowdy III, Dallas, Hubert Oxford III, Benckenstein & Oxford, L.L.P., Beaumont, Kenneth E. McKay, Locke, Lidell & Sapp, L.L.P., Eva D. Geer, Mayer Knight & Williams, LLP, Gregory Michael Sullivan, John Duff Cleland, Jeffery Keith Gordon, Andrews & Kurth, L.L.P., Houston, Chris C. Pappas, Alan H. Marks, Amy Dunn Taylor, James Vincent Hewitt, Godwin Gruber, LLP, George J. Kacal, Kacal

Adams & Law, P.C., Jeffrey Boyd Lucas, Dunn Kacal Adams Pappas & Law, Houston, Thomas B. Taylor, Taylor & Warren, L.L.P., and Jack B. Manning, Douglas T. Gosda, and William J. Cozort Jr., Manning Gosda & Arredondo, LLP, Houston, and Jeffrey D. Roerig, Roerig Oliveira & Fisher, Brownsville, W. Bruce Williams, Cotton Bledsoe Tighe & Dawson, P.C., Midland, Lynne Miller Ford, Phillips & Akers, Houston, Paul J. Holmes, Paul J. Holmes, P.C., Beaumont, Pamela Jean Neale Williams, Irving, William B. Coffey Jr., Adams & Coffey, P.C., Beaumont, Shawn Robert Redman, Mark C. Clemer, Brown Sims, P.C., Houston, Edward J. Hennessy, Hennessy Gardner & Barth, Houston, Willard M. Tinsley, Funderburk & Funderburk, LLP, Houston, and Rex N. Leach, Atlas & Hall, McAllen, David Brill, Brill & Associates, P.C., Curt Webb, Beck Redden & Secrest, L.L.P., Houston, and Norton A. Colvin Jr., Robert Patrick Rodriguez, Teri L. Danish, Rodriguez, Colvin & Chaney & Saenz, LLP, Brownsville, Dale Marett Holidy, Houston, Boyd Wells, Wells Peyton Beard Greenberg Hunt, L.L.P., Beaumont, Sharla J. Frost, James H. Powers, Karen M. Alvarado, Powers & Frost, L.L.P., Houston, Terence M. Murphy, and Charles Christopher Groves, Jones Day, Dallas, Richard P. Hogan Jr., and Jennifer Bruch Hogan, Hogan & Hogan, L.L.P., Houston, Jerry C. Parker, Sammons & Parker, P.C., Tyler, Kent M. Adams, Adams & Coffey, P.C., and Ellen G. Reynard, Adams Coffee & Duesler, Beaumont, Ewing Edben Sikes III, Royston, Rayzor, Vickery & Williams, L.L.P., Brownsville, Andrew S. Oretsky, Davis Oretsky & Guilfoyle, Houston, Thomas B. Taylor, Taylor & Warren, L.L.P., Houston, David Craig Landin, Lori Elliott Jarvis, Paul Oliver Wickes, and Clinton David Howie, Hunton & Williams, LLP, Richmond, VA, Hubert A. Crouch III, Crouch & Ramey, L.L.P., Dallas, Ryan A. Beason, Beason Willingham, LLP, Houston, Dulcie Green Wink, Haynes & Boone, LLP, Houston, John R. Robinson, Johnson & Sylvan, P.C., Dallas, Michael Scott Pyle, John Philip Parsons, Forman, Perry, Watkins, Krutz & Tardy, L.L.P., Dallas, Thomas W. Tardy III, Jackson, MS, Anthony E. Pletcher, Huseman & Pletcher, Corpus Christi, Erin Patterson, Adams & Reese, L.L.P., Houston, R. Stephen Ferrell, Giessel Barker & Lyman, P.C., Houston, Deborah A. Newman and Roger Henry Nebel, Forman, Perry, Watkins, Krutz & Tardy, LLP, Houston, Clinton Eugene Phillips, Johnson Ferguson Pipkin & Phillips, Houston, Charles A. Green and Timothy Dewayne Ammons, Cowles & Thompson, P.C., Dallas, Robert G. Newman, Fulbright & Jaworski L.L.P., San Antonio, Patrick M. Martinez, Hermansen McKibben Woosley & Villarreal, L.L.P., Corpus Christi, Jeff Shaver, Sammons & Parker, Houston, Jeffrey D. Roberts, Roberts Markel, Guerry, P.C., Houston, Frank N. Luccia, and Cathryn Ann Adams, Luccia & Evans, L.L.P., Houston, Robert E. Thackston and Stephanie L. Spardone, Hawkins, Parnell & Thackston, L.L.P., Dallas, Barbara Jane Barron, Mehaffy & Weber, Beaumont, Richard Reyna, Brock & Person, P.C., San Antonio, Robert J. Rose, Timaeus & Rose, L.L.P., Beaumont, Carl Dawson, Ryan & Dawson, Houston, Juan A. Magallanes, Gilberto Hinojosa, Magallanas & Hinojosa, P.C., and Armando Roberto Villalobos, Brownsville, Alan G. Sampson, Benckenstein & Oxford, Beaumont, Clarence Thomas Valentine Jr., James Odis Blackwell III, Daw & Ray, P.C., Houston, and Michael Ray Walzel, Stevens, Baldo & Freeman, Beaumont, Cortlan Howard Maddux, Houston, Gerry Lowery, Robert G. Newman, Fulbright & Jaworski L.L.P., San Antonio, Joe Michael Dodson, Dodson Law Offices, P.C., Beaumont, Harold Hudson Henley and Geoffrey Justin Henley, Henley & Henley, P.C., Dallas, Steve A. Bryant, Steve A.

Bryant & Associates, P.C., Houston, for Real Parties.

PER CURIAM.

Ten silicosis cases involving hundreds of plaintiffs were filed in Cameron County and randomly assigned to six different courts. At the behest of different parties, three judges issued conflicting orders asserting jurisdiction over cases in their own courts or others. Because the Cameron County local rules permit a unilateral transfer only by the court where the first case was filed, we conditionally grant a writ of mandamus directing the others to vacate orders forbidding that transfer.

On May 30, 2003, a single attorney filed ten silicosis lawsuits in Cameron County. The allegations in each were identical, as were the 82 defendants. Only the plaintiffs varied—each suit included about 70, for a total of almost 700.

The cases were randomly assigned among the six district courts in Cameron County. Though all were file-stamped with the same time, consecutive cause numbers indicate the first case filed was assigned to the 197th District Court (Judge Migdalia Lopez presiding).

Thereafter ensued a scramble for possession. First on the field were the plaintiffs, who kicked things off by moving to transfer and consolidate all ten cases in the 404th District Court (Judge Abel Limas presiding). That motion was granted on January 6th.

Close behind came some of the defendants, who countered by moving to consolidate all ten cases in the 197th District Court, where the first case was filed. That motion, too, was granted on January 7th.

The reaction of the remaining courts varied. The 103rd District Court (Judge Menton Murray, Jr. presiding) took the second option, lateraling cases to the 197th District Court. The 138th District Court (Judge Robert Garza presiding) blocked, entering an anti-transfer order because no one had requested his consent. The 357th District Court (Judge Leonel Alejandro presiding) punted, signing a recusal order and transferring cases to the local administrative judge. That court, the 107th District Court (Judge Benjamin Euresti presiding), remained on the sidelines, taking neither offensive nor defensive action in the proceedings.

At this point, some of the contestants reversed field. Judge Limas rescinded his original consolidation order, but also signed an order blocking any transfer of the case originally filed in his court. Eventually, the plaintiffs followed suit, seeking to return all cases to the courts where originally filed, except for those transferred by recusal from the 357th.

██ Unable to determine the winner of these jurisdictional contests, the relators sought mandamus relief from the Thirteenth Court of Appeals. That court declined to referee, holding the proper umpire was the local administrative judge. 129 S.W.3d 810, 814. The court of appeals relied on a provision of the Texas Government Code that assigns to local administrative judges the statutory duty (among others) to "implement and execute the local rules of administration, including the assignment, docketing, transfer, and hearing of cases." Tex. Gov't Code § 74.092(1).

We disagree that this statute gives local administrative judges authority to review and reverse conflicting rulings of coordinate courts like those issued here. While the local administrative judge may transfer cases pursuant to local rules, enforcing or overruling competing orders is the duty of a higher court.

■ In this case, the Cameron County rules allow transfer of related cases to the court in which filing was first made without the consent of any other judge:

> Whenever any pending case is so related to another case previously filed in or disposed of by another District Court of Cameron County that a transfer of the later case to such other court would facilitate orderly and efficient disposition of the litigation, the Judge of the court in which the earlier case is or was pending may, on notice and hearing, transfer the later case to such court.

Cameron County Civ.Ct. R. 1.1(f)(2). The local rules permit the first-filed case to be transferred to a court with a later-filed case, but only with the first judge's consent:

> In the event that an assigned case is subject to the provisions of paragraphs 1.1(f)(2) and (3) and the earlier case is still pending, the judge of the court wherein the later case is pending may on notice and hearing order the earlier case transferred to the later court provided that the judge of the court wherein the earlier case is assigned consents.

*Id.* at 1.1(f)(5). Under these rules, only the 197th court could transfer cases unilaterally.

As the relators challenge only the conflicting transfer orders, the propriety of consolidating such a large number of claims is not before us. *See In re Van Waters & Rogers, Inc.,* 145 S.W.3d 203, 207–10 (Tex.2004) (holding consolidation was abuse of discretion based on "Maryland factors"); *see also In re Bennett,* 960 S.W.2d 35, 40 (Tex.1997) (holding that a scheme designed to subvert random case assignment "breeds disrespect for and threatens the integrity of our judicial system.").

While we have encouraged consolidation for pretrial purposes (most recently pursuant to legislative mandate), we have avoided placing such decisions in the hands of one of the players. *See generally* Tex. Gov't Code § 74.161–63; Tex.R. Jud. Admin. 11.4(h) (appointment by regional administrative judge), 13.3 (appointment by multidistrict litigation panel). Local consolidation rules have made similar arrangements to avoid the awkward problem of one court taking a case from another. *See, e.g., CSR Ltd. v. Link,* 925 S.W.2d 591, 594 (Tex.1996) (noting adoption by Harris County courts of rules for and appointment of presiding judge in asbestos cases).

But the only issue before us is which court, if any, could unilaterally transfer to itself related Cameron County cases. Accordingly, we do not address whether the transfers here would (as the local rules also require) "facilitate orderly and efficient disposition of the litigation." Cameron County Civ.Ct. R. 1.1(f)(2).

■ We have long held that mandamus relief is appropriate to resolve conflicting orders from two or more courts asserting jurisdiction over the same case. *See Bigham v. Dempster,* 901 S.W.2d 424, 428 (Tex.1995) (granting mandamus relief from "conflicting orders issued from different district courts"); *see also Abor v. Black,* 695 S.W.2d 564, 567 (Tex.1985); *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex.1974). Accordingly, mandamus is appropriate here.

The relators also challenge certain interim orders signed by the 404th and 138th District Courts that set trial dates, ordered mediation, and set aside a number of default judgments. Relators argue that any orders signed after the consolidation in the 197th District Court are void.

We disagree that all orders signed by a transferring court after transfer are void; many are not. *See, e.g.,* Tex. Fam.Code

§ 155.005(a) (providing transferring court retains jurisdiction to render temporary orders); Tex.R. Jud. Admin. 13.5(b) (providing transferring court in multidistrict litigation may make further orders on certain conditions); *In re Bennett*, 960 S.W.2d 35, 40 (Tex.1997) (holding trial court retained power to sanction litigant after removal to federal court). This is especially true here because the transfers involved district courts in a single county.

 Trial courts have broad discretion to exchange benches and enter orders on other cases in the same county, even without a formal order or transfer. Tex. Const. art. V, § 11 ("[T]he District Judges may exchange districts, or hold courts for each other when they may deem it expedient"); Tex. Gov't Code § 74.094(a); Tex.R. Civ. P. 330(h) (providing that in multi-court counties "any judge may hear and determine motions, ... and all preliminary matters, questions and proceedings and may enter judgment or order thereon in the court in which the case is pending without having the case transferred to the court of the judge acting"); *In re Houston Lighting & Power Co.*, 976 S.W.2d 671, 673 (Tex.1998). Given the broad powers district courts have to act for one another, we do not agree that these orders were entered without jurisdiction.

We need not decide whether some post-transfer orders in cases transferred intra-county may qualify among the "rare circumstances" that render an order void rather than merely voidable. *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex.1990). Here, the relators do not argue that the 197th District Court would be hampered by or unable to rescind any of the orders. Thus, we decline to grant mandamus relief ordering that they be vacated. *See Abor*, 695 S.W.2d at 567 (declining to grant man-

damus relief when courts were not actively interfering with each other).

Accordingly, pursuant to Texas Rule of Appellate Procedure 52.8 and without hearing oral argument, we direct the 138th and 404th District Courts to vacate their orders of January 13, 2004, so that the 197th District Court may conduct further proceedings consistent with this opinion. We are confident that the trial courts will promptly comply, and our writ will issue only if they do not.