In re CITY OF COPPELL, Texas, Doug Stover, Tim Brancheau, Jayne Peters, Brianna Hinojosa-Flores, Marsha Tunnell, Billy Faught, Thom Suhy, Bill York, Coppell Independent School District, Kathie Gautille, Cindy Warner, Bennett Ratliff, Susie Kemp, David Apple, Mike Arthur, and Scott Orr, Relators.

No. 05–06–01462–CV.

Court of Appeals of Texas, Dallas.

April 2, 2007.

Robert Freilich, Paul, Hastings, Janofsky & Walker, LLP, Los Angeles, CA, Robert E. Hager, Karen S. Nelson, Nichols, Jackson, Dillard, Hager & Smith, L.L.P., Dallas, E. Allen Taylor, Wayne K. Olson, Taylor, Olson, Adkins, Spalla & Elam, LLP, Fort Worth, Robert E. Luna, Law Offices of Earl Luna, P.C., Thomas P. Brandt, John F. Roehm III, Fanning, Harper & Martinson, Dallas, for Relators.

Eddie Vassallo, Charles A. Salazar, Law Offices of Eddie Vassallo, P.C., Tod B. Edel, Christopher John Scanlan, Carrington, Coleman, Sloman & Blumenthal, L.L.P., Jenna P. Wright, Paul Franklin Wright, The Wright Firm, LLP, Dallas, for real party in interest.

Before Chief Justice THOMAS and Justices BRIDGES and FRANCIS.

## OPINION

Opinion by Chief Justice THOMAS.

Relators[1] seek a writ of mandamus ordering the Honorable Sally Montgomery, Judge, County Court at Law No. 3, Dallas County, Texas to vacate an order transferring Cause No. 06–0524–E, *City of Coppell, Texas and Coppell Independent School District v. City of Dallas, Texas, CB Parkway Business Center VI, Ltd., and Trammell Crow Company No. 43, Ltd.* from the 101st Judicial District Court, Dallas County, Texas, to County Court at Law No. 3. Relators contend Judge Montgomery abused her discretion in ordering the transfer because (1) the Dallas County Local Rules allow the transfer of a case only on the court's, rather than a party's, motion; (2) she did not determine prior to ordering the transfer whether the court had jurisdiction over the case that purportedly supports the transfer; and (3) the case is not sufficiently related under the local rules to any case pending in County Court at Law No. 3. We conclude Judge Montgomery abused her discretion in ordering the transfer, but deny mandamus relief because relators have an adequate remedy at law.

## Background

In late 2004, CB Parkway Business Center VI, Ltd. and Trammell Crow Company No. 43, Ltd. (collectively CB) purchased approximately 350 acres of land located in the City of Dallas. However, the property is connected to Dallas by only a narrow right-of-way and is almost completely surrounded by the City of Coppell and the City of Irving. The majority of the property is located in the Coppell Independent School District (CISD).

CB filed an application with Dallas to change the zoning of the property to allow for the mixed-use development of the property. Coppell and the CISD had concerns about the magnitude of the proposed development and its impact on schools and city services in Coppell. Therefore, on November 21, 2005, Coppell filed a condemnation action in County Court at Law No. 3, seeking to condemn 71.59 acres of the property to use for parks, recreational activities, affordable workforce and senior housing, and associated right-of-ways (the Condemnation Suit). On November 22, 2005, the CISD filed a separate condemnation action in County Court at Law No. 5, seeking to condemn 125.83 acres of the property for school facilities.

CB then amended its zoning application pending in Dallas to increase the number of residential units allowed to be built on the property. On January 25, 2006, Dallas approved CB's amended application.

On March 21, 2006, CB filed suit against Coppell, its mayor, and members of its city council in County Court at Law No. 3, alleging Coppell's condemnation proceedings were a legal fraud and an abuse of process (the Abuse of Process Suit). CB asserted Coppell instituted the Condemnation Case to coerce CB into terminating or reducing the proposed development of the property and that Coppell was illegally

---

1. Relators are the City of Coppell, its mayor, and members of its city council and the Coppell Independent School District and members of its board of trustees.

attempting to condemn land located in Dallas without Dallas's permission. CB also claimed Coppell's actions violated CB's due process and equal protection rights under the Texas Constitution. On April 14, 2006, Coppell, its mayor, and members of its city council filed a plea to the jurisdiction, along with an original answer, contending the trial court did not have subject matter jurisdiction over CB's claims because they had immunity, the claims were not ripe, CB did not have standing to assert the claims, and CB failed to give notice of the claims. The plea to the jurisdiction was set for hearing on May 26, 2006. However, on May 23, 2006, the trial granted CB's motion for continuance on the plea to the jurisdiction so that CB could conduct discovery.

Although the record does not contain the pleadings, the parties represented to the trial court that Dallas, at some point, filed separate lawsuits against Coppell and the CISD in the 95th Judicial District Court of Dallas County and the 162nd Judicial District Court of Dallas County, claiming Coppell and the CISD did not have the authority to condemn land located in Dallas.

On June 2, 2006, Coppell and the CISD sued Dallas and CB in the 101st Judicial District Court of Dallas County, requesting a declaratory judgment that Dallas's rezoning of the property, including the portion of the property subject to the two condemnation actions, was a violation of substantive due process, the open meetings law, and the planning and zoning enabling act (the Rezoning Suit). Coppell also sought injunctive relief prohibiting Dallas from processing or approving any building or land use permits in order to prevent interference with the condemnation proceedings.

On June 23, 2006, CB filed an answer in the Rezoning Suit, along with a request for sanctions and a counterclaim for attorney's fees. CB also filed a motion to transfer in the Abuse of Process Suit, requesting the County Court at Law No. 3 transfer the Rezoning Suit to that court pursuant to Dallas County Local Rules 1.06 and 1.07. On September 7, 2006, Coppell and the CISD dismissed their claims against CB in the Rezoning Suit. Thus, CB remains a party to the Rezoning Suit only by virtue of its counterclaim for attorney's fees and its request for sanctions.

On September 13, 2006, CB filed an amended petition in the Abuse of Process Suit adding claims against the CISD and members of its board. On September 15, 2005, Judge Montgomery, presiding over County Court at Law No. 3, heard CB's motion to transfer. No evidence was introduced at the hearing but, after hearing argument from counsel, Judge Montgomery transferred the Rezoning Case to County Court at Law No. 3.

Relators sought mandamus relief from this Court, arguing Judge Montgomery abused her discretion in granting the transfer and requesting proceedings in the trial court be stayed pending this Court's decision. We granted the motion to stay.

**Standard for Mandamus**

 Traditionally, mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding). Relators have the heavy burden of establishing both an abuse of discretion by the trial court and an inadequate appellate remedy. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex.2003) (orig. proceeding) (per curiam). A trial court abuses its discretion if it reaches a decision so arbitrary or unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze

or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

### Dallas County Local Rules

The district and statutory county courts of Dallas County are required to adopt local rules of administration that provide, in part, for the transfer of cases. TEX. GOV'T CODE ANN. § 74.093 (Vernon 2005). Dallas County Local Rule 1.06 provides:

> Whenever any pending case is so related to another case previously filed in or disposed of by another Court of Dallas County having subject matter jurisdiction that a transfer of the later case to such other Court would facilitate orderly and efficient disposition of the litigation, the Judge of the Court in which the earlier case is or was pending may, upon notice to all affected parties and Courts and hearing, transfer the later case to such Court.

Dallas County Civ.Ct. R. 1.06. A case must be transferred if it arises out of the same transaction or occurrence as a case that was filed earlier in another court. Dallas County Civ.Ct. R. 1.07.[2] The attorney on the second-filed case is required to notify the judges of both courts of the related cases in either the original pleading filed in the second case or in a simultaneous filing. Dallas County Civ.Ct. R. 1.08.

### Motion to Transfer

■ Relators first contend Judge Montgomery abused her discretion by granting CB's motion to transfer because the Dallas County Local Rules allow for a transfer only on the court's initiative. However, rule 1.08 requires the attorney for each party to bring the related cases to the attention of both courts. CB complied with rule 1.08 by filing a Notice of Motion to Transfer in the Rezoning Case and a Motion to Transfer in the Abuse of Process Case. *See In re Siemens Corp.*, 153 S.W.3d 694, 696 (Tex.App.-Dallas 2005, orig. proceeding) (noting party "asked the county court to transfer this case from the district court to the county court pursuant to the Dallas County local rules"). Accordingly, Judge Montgomery did not abuse her discretion by considering CB's motion to transfer rather than initiating the transfer on its own motion.

### Jurisdiction

■ Relators next contend Judge Montgomery abused her discretion by granting the motion to transfer without ruling on Coppell's plea to the jurisdiction in the Abuse of Process Case and determining it had subject matter jurisdiction over the case.

Rule 1.06 allows the transfer of a case only if the recipient court has jurisdiction over the case being transferred. Dallas County Civ.Ct. R. 1.06; *see* TEX. GOV'T CODE ANN. § 74.093(d) (local rules cannot

---

**2.** Local Rule 1.07 states:

The following types of cases shall be subject to transfer under Local Rule 1.06:

a. Any case arising out of the same transaction or occurrence as an earlier case, particularly if the earlier case was dismissed by plaintiff before final judgment.

b. Any case involving a plea that a judgment in the earlier case is conclusive of any of the issues of the later case by way of res judicata or estoppel by judgment, or any

pleading that requires a construction of the earlier judgment or a determination of its effect.

c. Any suit for declaratory judgment regarding the alleged duty of an insurer to provide a defense for a party to the earlier suit.

d. Any suit concerning which the duty of an insurer to defend was involved in the earlier suit.

Dallas County Civ.Ct. R. 1.07.

allow the transfer of cases from one court to another unless the cases are within the jurisdiction of the court to which it is transferred). However, a trial court, necessarily, must also have jurisdiction over the case that was filed first before that case can serve as the basis for the transfer of the second case. Accordingly, the transfer of the later case is proper only if the trial court has jurisdiction over both cases.

CB filed the motion to transfer in the Abuse of Process case. Pending in the Abuse of Process case was a plea to the jurisdiction filed by Coppell, its mayor, and members of its city council, the only defendants that had appeared in the case. The plea to the jurisdiction challenged the trial court's subject matter jurisdiction over all claims asserted by CB. Although the plea to the jurisdiction was set for hearing, the trial court granted CB's motion for continuance so that CB could conduct discovery. At the hearing on CB's motion to transfer, relators specifically requested the trial court rule on the plea to the jurisdiction prior to ruling on the motion to transfer. Judge Montgomery declined to do so.

If the trial court does not have subject matter jurisdiction over the Abuse of Process Case, that case cannot serve as an earlier filed, related case to justify the transfer of the Rezoning Case. Judge Montgomery abused her discretion by ruling on the motion to transfer filed in the Abuse of Process Case without first determining she had subject matter jurisdiction in that case.

### Related Cases

Relators finally argue the Rezoning Case is not sufficiently related to the

Abuse of Process Case to support the transfer under the local rules. We recognize the motion to transfer was filed in the Abuse of Process Case. However, also pending in County Court at Law No. 3 was the Condemnation Case. CB brought the Condemnation Case to Judge Montgomery's attention in the motion to transfer and the parties argued about the effect of the Condemnation Case in the hearing on the motion to transfer. Accordingly, we conclude Judge Montgomery could have considered whether either the Condemnation Case or the Abuse of Process Case is sufficiently related to the Rezoning Case under the local rules to justify the transfer.

Rule 1.06 permits the transfer of a pending case if the case is "so related" to a previously filed case that the transfer "would facilitate orderly and efficient disposition of the litigation." Rule 1.07 requires the transfer if the two cases arise out of the same transaction or occurrence. The Rezoning Case was subject to transfer if either of these conditions were met.

### *Same Transaction or Occurrence*

■ We first consider whether rule 1.07 required the transfer of the Rezoning Case because it arose out of the same transaction as either the Abuse of Process Case or the Condemnation Case. We have located no authority as to what constitutes the "same transaction or occurrence" for purposes of the local rules. However, in interpreting the same language with respect to the revival of a counterclaim under section 16.069(a) of the civil practice and remedies code,[3] we concluded there must be a logical relationship between the

---

3. Section 16.069(a) provides:
 If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may filed the counterclaim or cross

claim even though as a separate action it would be barred by limitation on the date the party's answer is required.
TEX. CIV. PRAC. & REM.CODE ANN. § 16.069(a) (Vernon 1997)

claims before they arise out of the same transaction or occurrence. *Smith v. Ferguson,* 160 S.W.3d 115, 120 (Tex.App.-Dallas 2005, pet. denied). To be logically related, the essential facts on which the claims are based "must be significantly and logically relevant to both claims." *Id.*

Coppell filed the Condemnation Case on November 21, 2005, seeking to condemn a portion of the property. Although CB did not file the Abuse of Process Case until March 21, 2006, its complaints are premised on the actions of Coppell and its legislative body in attempting to condemn a portion of the property. In contrast, the petition in the Rezoning Case complains about Dallas's conduct in granting CB's application to rezone the property on January 25, 2006.

No evidence was introduced at the hearing. The parties made no representations to the trial court about facts in common between the Condemnation Case or the Abuse of Process Case, on the one hand, and the Rezoning Case on the other. The only common element brought out during the hearing was that the same property was the basis for all three cases. The fact the litigation involves the same piece of property is insufficient, by itself, to make the lawsuits logically related. *See Freeman v. Cherokee Water Co.,* 11 S.W.3d 480, 483 (Tex.App.-Texarkana 2000, pet. denied) (claim deed was fraudulently executed not logically related to request for declaratory judgment interpreting one provision of the deed). There must be some showing in the record of essential facts that are "significantly and logically related to both claims" before the trial court can find the cases arise out of the same transaction or occurrence. *See Smith,* 160 S.W.3d at 120.

Because the record does not reflect the Rezoning Case arose out of the same transaction or occurrence as either the Condemnation Case or the Abuse of Process Case, the Rezoning Case was not subject to mandatory transfer under rule 1.07.

### *Orderly and Efficient Disposition of Litigation*

We next consider whether Judge Montgomery had discretion to transfer the case under rule 1.06 because the Rezoning Case was so related to either the Condemnation Case or the Abuse of Process Case that having the cases in the same court would facilitate the orderly and efficient disposition of the litigation. CB argues Judge Montgomery did not abuse her discretion in transferring the Rezoning Case because (1) all three cases involve the same property; (2) all the litigation is motivated by Coppell's attempts to interfere with CB's development of the property; (3) Coppell sought the same injunctive relief allowing it access to the property in both the Condemnation Case and the Rezoning Case;[4] and (4) Coppell will argue in the Condemnation Case that the value of the condemned property cannot be determined until the Rezoning Case is resolved.

While there is little authority on when related cases may be transferred under local rules because the transfer will facilitate the orderly and efficient disposition of litigation, the Texas Supreme Court has considered a Cameron County Local Rule almost identical to rule 1.06. *In re U.S. Silica Co.,* 157 S.W.3d 434 (Tex.2005) (orig.

---

4. CB also relies on the CISD seeking the same injunctive relief in the condemnation case in County Court at Law No. 5. The trial court in the CISD's condemnation case denied the requested relief, finding it did not have subject matter jurisdiction because the proceedings were still in the administrative stage.

proceeding) (per curiam).[5] The relators in *U.S. Silica Co.* sought mandamus relief due to conflicting transfer orders from a number of district courts. Because the only issue before the court was which district court, if any, could unilaterally transfer cases to itself under the local rule, the court declined to address whether the transfer of the cases would "facilitate orderly and efficient disposition of the litigation" as required by the local rule. *Id.* at 438. However, *in dicta*, the court expressed concern about placing the decision on whether cases should be consolidated through transfer under the local rules in the hands of one of the parties. *Id.*

■■■ Although the trial court has broad discretion in deciding whether to transfer a case under the local rules, that discretion is not unfettered. *European Crossroads' Shopping Ctr. Ltd. v. Criswell*, 910 S.W.2d 45, 52 (Tex.App.-Dallas 1995, writ denied); *Alpert v. Gerstner*, No. 01–05–00418–CV, —— S.W.3d ——, ——, 2006 WL 2523028, at *4 (Tex.App.-Houston [1st Dist.] Aug. 31, 2006, pet. filed). We read *U.S. Silica* as a caution to trial courts to carefully consider whether the requirements of the local rules are met prior to transferring a case. We conclude a trial court abuses its discretion in transferring a case under local rule 1.06 if the trial court does not have sufficient information before it to determine that the case is so related to a case pending in the trial court

that the transfer of the case would facilitate the orderly and efficient disposition of the litigation.[6] After considering CB's arguments, we conclude the record does not support the transfer of the Rezoning Case under rule 1.06.

■■■ It is undisputed all three cases involve the same piece of property. However, although the Abuse of Process Case and the Condemnation Case involve claims relating to the same conduct—Coppell's attempts to condemn a portion of the property—the Rezoning Case involves Dallas's actions in granting CB's application to change the zoning on the property. Coppell's and the CISD's claims in the Rezoning Case are premised on different conduct by a different party at a different time than the conduct that forms the basis of the Condemnation Case and the Abuse of Process Case. The claims in the Rezoning Case are also premised on different legal theories than those raised in either the Condemnation Case or the Abuse of Process Case. Therefore, the fact that all claims revolve around the same piece of property is insufficient to make the cases so related as to support a transfer of the Rezoning Case under rule 1.06.

CB argues that all pending litigation (not just the three cases at issue here, but the CISD's condemnation suit as well as the two suits filed by Dallas against Coppell and the CISD) are part of a litigation scheme intended to deprive CB of the use

---

5. Cameron County Local Rule 1.1(f)(2) provided:

> Whenever any pending case is so related to another case previously filed in or disposed of by another District Court of Cameron County that a transfer of the later case to such other court would facilitate orderly and efficient disposition of the litigation, the Judge of the court in which the earlier case is or was pending may, on notice and hearing, transfer the later case to such court.

6. We do not conclude the trial court must always receive evidence regarding whether and in what ways cases are related prior to determining if a case is subject to transfer under rule 1.06. It could very well be possible to make that determination by simply comparing the petitions filed in each case. However, in this case, the claims in the petitions are not sufficiently similar to support a finding the cases are so related as to be subject to transfer under rule 1.06.

and enjoyment of the property. Again, there was no evidence at the hearing about the "intent" of any party in asserting any particular claim. Without some showing of overlapping claims or facts or that pretrial proceedings in the cases would be more efficiently handled by one court, the alleged identical motivation of a party in asserting different legal claims against different parties is insufficient to make cases related for the purpose of transfer under rule 1.06.

■■■ CB next asserts Coppell sought an injunction in the Condemnation Case as well as the Rezoning Case to allow it to enter the property and perform certain environmental testing. Although seeking in a second forum the same relief that was substantively denied in a prior case could support a finding the cases were related for purposes of transfer under rule 1.06, Coppell never obtained a substantive ruling on the request from the trial court. Rather, the trial court determined it did not have subject matter jurisdiction in the Condemnation Case to rule on the requested injunctive relief while the proceedings were still in the administrative phase. Coppell then, apparently, sought a forum, the district court, that might have jurisdiction over the requested relief. We conclude Coppell's seeking relief in the Rezoning Case that the trial court had already determined it did not have jurisdiction to grant in the Condemnation Case is insufficient to justify a transfer under rule 1.06.

■■■ CB finally claims Coppell will argue in the Condemnation Case that the Rezoning Case must be resolved before damages can be decided in the Condemnation Case. However, Coppell's counsel stipulated during the hearing on the motion to transfer that Coppell would "not contest the zoning on the property in the condemnation hearing or court." Coppell's counsel further stated:

We're not going to go into the zoning and say that that zoning was improper and, therefore, jury, you should only look at it as agricultural land. No, we're not going to do that because legally that would be improper; it wouldn't be upheld in any appellate court. And what I'm saying to you is that's exactly what we're going to do in those hearings and don't bring the zoning issue—

\* \* \*

We will basically stipulate that the zoning on the property is the zoning that Dallas has given it, and we will not go into attack that zoning. What we will only do is look at the comparables properties they bring. They say they've got multifamily, that they can build 10,000 units on that property, we're going to look at the comps that they bring in, and we're going to ask the question does that have sewer and water, is that a different comp, does that have traffic capacity, different comp—

Judge Montgomery then acknowledged that evidence "would come in any way" and the stipulation "solves a lot of the issues."

Contrary to CB's claim Coppell will attempt to delay the Condemnation Case until after a trial in the Rezoning Case, Coppell's counsel indicated the Condemnation Case could proceed to trial based on the current zoning, Coppell would not contest the zoning during the trial and, if the zoning is later reversed in the Rezoning Case, the condemnation could not be reopened. The record does not support CB's contention the Condemnation Case will be delayed if the Rezoning Case is not transferred to County Court at Law No. 3.

The record does not support a finding that the Rezoning Case is so related to either the Abuse of Process Case or the

Condemnation Case that the transfer of the Rezoning Case would result in an orderly and efficient disposition of the litigation. Accordingly, Judge Montgomery abused her discretion in transferring the Rezoning Case under rule 1.06.

### Adequate Remedy at Law

 Although Judge Montgomery abused her discretion in transferring the Rezoning Case, relators are not entitled to relief by mandamus if they have an adequate remedy at law. "Adequate" has no comprehensive definition. *In re Prudential,* 148 S.W.3d at 136. Rather, determining whether a party has an adequate remedy by appeal requires a "careful balance of jurisprudential considerations" that "implicate both public and private interests." *Id.* On the one hand, mandamus review of incidental, interlocutory rulings unduly interferes with trial court proceedings, forces appellate courts to spend valuable time with issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds to the expense and delay of the litigation for the parties. *Id.* On the other, mandamus review of significant rulings in exceptional cases may preserve important substantive and procedural rights, allow appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare the parties and the public the time and expense of re-litigating improperly conducted proceedings. *Id.*

 Mandamus relief should be used selectively. *Id.* at 138. It is not available to correct incidental rulings of the trial court when there is a remedy by appeal. *In re Entergy Corp.,* 142 S.W.3d 316, 320 (Tex.2004) (orig. proceeding). The mere cost and delay of pursuing an appeal does not warrant relief by manda-

mus. *Id.* at 321. Ultimately, an appellate remedy is adequate when the benefits of mandamus review are outweighed by its detriments. *In re Prudential,* 148 S.W.3d at 136.

 Appellate courts have granted mandamus relief to address jurisdictional conflicts caused by the transfer of a case pursuant to local rules. *In re U.S. Silica Co.,* 157 S.W.3d at 438; *In re Rio Grande Valley Gas Co.,* 987 S.W.2d 167, 172–73 (Tex.App.-Corpus Christi 1999, orig. proceeding); *Tex. Commerce Bank, N.A. v. Prohl,* 824 S.W.2d 228, 229 (Tex.App.-San Antonio 1992, orig. proceeding). However, mandamus relief is generally unavailable if a trial court is not actively interfering with the jurisdiction of the other court. *In re U.S. Silica Co.,* 157 S.W.3d at 439 (citing *Abor v. Black,* 695 S.W.2d 564, 567 (Tex. 1985) (orig. proceeding)). Nothing in the record indicates the 101st Judicial District Court and County Court at Law No. 3 are issuing competing orders or otherwise interfering with each other's jurisdiction.

We conclude the trial court's order transferring the Rezoning Case to County Court at Law No. 3 is an incidental ruling by the trial court subject to correction on appeal. Because relators have an adequate remedy at law, they are not entitled to mandamus relief. However, we are confident that, upon request, Judge Montgomery will reassess her decision in light of this opinion.