

**NUMBER 13-12-00013-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN RE: BELINDA LOPEZ**

**On Petition for Writ of Mandamus.**

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion Per Curiam[1]**

Relator, Belinda Lopez, filed a petition for writ of mandamus in the above cause on January 11, 2012, seeking to compel the Honorable Juan Partida, Presiding Judge of the 275th District Court of Hidalgo County, to vacate his November 16, 2011 order denying relator's motion to transfer venue under the Local Rules of the District Courts of Hidalgo County, and to grant a transfer of venue to the 332nd District Court of Hidalgo County.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

To be entitled to the extraordinary relief of a writ of mandamus, relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt.*, LP, 164 S.W.3d 379, 382 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). "To satisfy the clear abuse of discretion standard, the relator must show 'that the trial court could reasonably have reached only one decision.'" Liberty *Nat'l First Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 840).

In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding). Appellate courts have granted mandamus relief to address jurisdictional conflicts caused by the transfer of a case pursuant to local rules. *In re U.S. Silica Co.*, 157 S.W.3d 434, 438 (Tex. 2005) (orig. proceeding) (per curiam); *In re Rio Grande Valley Gas Co.*, 987 S.W.2d 167, 172–73 (Tex. App.—Corpus Christi 1999, orig. proceeding); *Tex. Commerce Bank, N.A. v. Prohl*, 824 S.W.2d 228, 229 (Tex. App.—San Antonio 1992, orig. proceeding). However, mandamus relief is generally unavailable if a trial court is not actively interfering with the jurisdiction of the other court. *In re U.S. Silica Co.*, 157 S.W.3d at 439; *In re City of Coppell*, 219 S.W.3d 552, 562 (Tex. App.—Dallas 2007, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not met the prerequisites for mandamus relief. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
13th day of January, 2012.