**Walker C. MORRIS and Charles Ekwurzel, Relators,**

v.

**The Honorable Bonnie LEGGAT, Judge, 71st Judicial District Court, Harrison County, Texas, Respondent.**

No. 06–94–00076–CV.

Court of Appeals of Texas, Texarkana.

Submitted May 10, 1994.

Decided June 15, 1994.

Jon Sparling, Dallas, for relators.

Michael E. Robinson, Robinson & Harris, Dallas, for real parties in interest Fred Neal Jr. & David Neal.

J. Rodney Gilstrap, Smith & Gilstrap, Marshall, for real party in interest East Texas Nat. Bank.

John R. Mercy, Atchley, Russell, Waldrop, Hlavinka, Texarkana, for real party in interest ITC Cellular.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Walker C. Morris and Charles Ekwurzel seek a writ of mandamus to require the Honorable Bonnie Leggat, Judge of the 71st Judicial District Court of Harrison County, to abate a suit filed in that court by ITC Cellular, Inc. against Morris, Ekwurzel, and the East Texas National Bank of Marshall. The basis of Morris and Ekwurzel's plea in abatement was that a prior suit is pending in the 95th Judicial District Court of Dallas County that involves substantially the same issues and parties that are involved in the Harrison County action.

The action in Dallas County involves very complicated facts and issues, but in its simplest terms, the crucial issue is whether Fred and David Neal are entitled to act as controlling officers and directors of ITC, even though they allegedly have not paid for the 939,281 shares of ITC stock they purchased that gave them control of the corporation. If, by reason of failure of consideration, rescission, or other equitable remedies, the Neals lose title to their stock, they would no longer be entitled to act as controlling officers and directors of the company.

While the Dallas suit was pending, ITC filed the suit in Harrison County against Morris and Ekwurzel, who, because of the default in the stock payment, allegedly are attempting to act as officers and directors of ITC. ITC also joined the East Texas National Bank as a defendant in the Harrison County suit, and the bank has impleaded certain monies ITC has on deposit.

Judge Leggat, finding that the Harrison County suit would involve only a determination of the persons currently entitled to act as officers and directors of ITC and not those who ultimately will be so entitled after the stock ownership issue is decided in the Dallas County suit, overruled Morris and Ekwur-

zel's plea in abatement. She enjoined the bank from releasing any funds to Morris and Ekwurzel, and she enjoined Morris and Ekwurzel from purporting to act as officers or directors of ITC until the issue of current control is decided.

We granted Morris and Ekwurzel's petition for leave and filed their petition for mandamus because it tentatively appeared that the proceeding before Judge Leggat would interfere with the jurisdiction of the 95th District Court in the prior suit. After full consideration of the petition, briefs, and oral argument, however, we have concluded that the proceeding in the 71st District Court will not interrupt or interfere with the action in Dallas County, so we will deny the petition for mandamus.

■ Ordinarily, the court in which a suit is filed acquires dominant jurisdiction to the exclusion of other coordinate courts, and any subsequent suit involving the same or substantially the same parties and controversies should be dismissed on the filing of a proper plea in abatement. *Mower v. Boyer*, 811 S.W.2d 560, 563 n. 2 (Tex.1991); *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247–48 (Tex.1988); *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.1974). A complete identity of parties and issues is not necessary if there is an inherent interrelation of the subject matter. *Wyatt v. Shaw Plumbing Co., supra.*

■ An appellate court should not issue a writ of mandamus requiring an abatement of the second suit, however, unless that suit in some way actively interferes with the jurisdiction of the court having dominant jurisdiction. *Abor v. Black*, 695 S.W.2d 564 (Tex. 1985). Unless there is a clear threat of such interference, an appeal will constitute an adequate remedy to the aggrieved party if the plea in abatement was improperly overruled. *Abor v. Black, supra; see also Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56 (Tex.1991); *Texas Commerce Bank, N.A. v. Prohl*, 824 S.W.2d 228 (Tex.App.—San Antonio 1992, orig. proceeding).

■ We do not find that the Harrison County proceeding will actively interfere with the 95th District Court's jurisdiction. While the controversies are certainly interwoven and to some extent involve the same issues, the proceeding in Harrison County only seeks to determine the current duly qualified officers and directors of the ITC corporation. It does not seek to determine the questions of ultimate control, which depend on the validity of the sale of the 939,281 shares of stock and on any equitable remedies that may be available if the purchase price of that stock has not been paid. Judge Leggat made it clear in overruling the plea in abatement that she will exercise jurisdiction only to determine the persons who constitute the current officers and directors of ITC, and that the determination of the ultimate question of control, as it depends on the stock dispute, will be the province of the 95th District Court of Dallas County.

It is true that the Harrison County court's decision as to the current officers and directors will have an effect on who may withdraw the funds in the East Texas National Bank and, to the extent that it may result in the expenditure of corporate assets, it may have some effect on the subject matter at issue in the 95th District Court. But that appears to be of little significance here. Indeed, counsel for Morris and Ekwurzel agreed at the hearing before Judge Leggat that Fred and David Neal, the current acting officers and directors of ITC, could have control over the money in that bank.

As the Harrison County suit will not actively interfere with the 95th District Court's jurisdiction to decide the ultimate issues in the controversy, we will not apply the extraordinary remedy of mandamus.

For the reasons stated, the petition for writ of mandamus is overruled.