

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00108-CV

_____

IN RE:
RAYMOND L. BROWN AND PARKS, PATON, HOEPFL & BROWN, LLC

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

In September 2008, Scott Martin, SKM Partnership, Ltd., individually and as a shareholder on behalf of Martin Resource Management Corporation (MRMC), filed suit in Harris County against MRMC, Ruben S. Martin, III, and thirty-nine other individuals. That suit alleged, among other things, that Ruben caused MRMC to issue shares of stock to the other defendants and breached a fiduciary duty. The suit listed numerous causes of action and prayed for actual, exemplary, special, and consequential damages, declaratory relief that the stock issuance was improper, return of the shares issued, and other relief.

In May 2010, MRMC sued Scott Martin and four other defendants, alleging that they tortiously interfered with MRMC's contract to refinance existing indebtedness by filing the Harris County lawsuit and for slander by issuing disparaging statements regarding MRMC and its management. MRMC prayed for actual and exemplary damages.

In this original proceeding, Raymond L. Brown and Parks, Paton, Hoepfl & Brown, LLC, Michael Gayler, Gaylersmith Group, LLC, and Scott Martin (Relators) contend that a Gregg County judge clearly abused his discretion in denying their pleas to abate and dismiss the Gregg County suit in favor of a first-filed suit in Harris County, containing "inherently interrelated" facts.

Mandamus is an extraordinary remedy that issues only to correct a clear abuse of discretion or violation of a duty imposed by law when no other adequate remedy by law is available. *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998) (citing *State v. Walker*, 679 S.W.2d 484, 485

2

(Tex. 1984)). "Absent extraordinary circumstances not present here, a denial of a motion to dismiss or a plea in abatement is a ruling incident to the ordinary trial process which will not be corrected by mandamus, but by the legal remedy of the ordinary appellate process." *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59 (Tex. 1991) (citing *Abor v. Black*, 695 S.W.2d 564, 566–67 (Tex. 1985) ("This court has consistently held that it lacks jurisdiction to issue writs of mandamus to supervise or correct incidental rulings of a trial judge, such as denials when there is an adequate remedy by appeal . . . includ[ing] . . . pleas in abatement.")).

Relators argue that the abatement was required under the principle of dominant jurisdiction. We have previously stated that "[m]andamus is ordinarily available to resolve a conflict in jurisdiction between courts of coordinate jurisdiction only when the trial court first taking jurisdiction has been prohibited from proceeding, e.g., when the second court enjoins the parties from taking any more action in the first court." *In re Ramsey*, 28 S.W.3d 58, 63–64 (Tex. App.—Texarkana 2000, orig. proceeding) (citing *Abor*, 695 S.W.2d at 567). When both courts proceed with their separate actions without attempting to hinder the other court's jurisdiction, even questions of dominant jurisdiction may generally be reviewed adequately by appeal. *Id.* It is only when one court directly interferes with the jurisdiction of the other that mandamus becomes an appropriate remedy. *Id.*; *see also In re U.S. Silica Co.*, 157 S.W.3d 434, 438–39 (Tex. 2005).

Relators argue that mandamus rules have been modified by recent Texas Supreme Court opinions to the extent that our determination as to the adequacy of an appellate remedy should be

3

determined by a "practical and prudential" balancing of the benefits and detriments of mandamus review. Citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136–37 (Tex. 2004); *Perry v. Del Rio*, 66 S.W.3d 239 (Tex. 2001). While Prudential did not concern a dominant jurisdiction question, *Perry* did. But in *Perry*, the Texas Supreme Court, in determining the proper presiding court in a congressional redistricting challenge, held that since substantial rights of the citizens of Texas were implicated, mandamus relief was necessary. *Perry*, 66 S.W.3d at 257. Even in those circumstances, the Texas Supreme Court determined the district court order actively interfered with the other court and met the requirements of *Abor*. *Abor* held that mandamus is available to resolve a conflict in jurisdiction between courts only when the second court actively interferes with the exercise of jurisdiction of the first court; otherwise, a traditional appeal is an adequate remedy. 695 S.W.2d at 567. No authority has been cited, nor has been found, rejecting *Abor* or holding that it is no longer authoritative in mandamus issues involving dominant trial court jurisdiction.

The two suits are related in that they both involve MRMC and the two major shareholders, Scott and Ruben. But the basic dispute in the Harris County case is that MRMC and Ruben improperly issued additional shares of stock in MRMC, resulting in damage to Scott, whereas the Gregg County case alleges that Scott's actions, including filing the Harris County suit and making disparaging statements, interfered with MRMC's business relationship and damaged the company.

In *Morris v. Legatt*, this Court found that even though the controversies in that matter were

4

interwoven, since the second suit did not interfere with the exercise of jurisdiction to decide the ultimate issues in the first suit, mandamus was not a proper remedy. 877 S.W.2d 899, 901 (Tex. App.—Texarkana 1994, orig. proceeding). Because the mandamus record filed in this case does not reveal any interference by the Gregg County court upon the proceedings in the Harris County court, Relators have an adequate remedy by appeal. *See In re Akins*, No. 09-09-00447-CV, 2009 WL 3763776, at *1 (Tex. App.—Beaumont Nov. 12, 2009, orig. proceeding) (concluding mandamus relief inappropriate); *In re Barnes*, No. 04-07-00864-CV, 2007 WL 4375222 (Tex. App.—San Antonio Dec. 17, 2007, orig. proceeding) (same).

Finally, Relators also argue that the Gregg County court abused its discretion in failing to deny the plea in abatement for the purely discretionary reasons of "comity, convenience, and orderly procedure." The only authority cited is *Dolenz v. Continental National Bank of Fort Worth*, 620 S.W.2d 572 (Tex. 1981), which is not a mandamus proceeding, but is the normal appellate review after a final judgment. Consequently, *Dolenz* is inapplicable to this case. Even when basing the decision on purely discretionary grounds, the Relators argue that the proper application of the law allows only one conclusion—that the Gregg County case should be abated or dismissed. Based on the standard required for mandamus relief, we cannot conclude that the trial court clearly abused its discretion in denying the abatement.

Accordingly, we deny the petition for writ of mandamus.

Jack Carter
Justice

Date Submitted:     November 29, 2010
Date Decided:       November 30, 2010