In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00108-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

RAYMOND
L. BROWN AND PARKS, PATON, HOEPFL & BROWN, LLC

 

 

                                                                                                  


 

                                                                                                        
                    

                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                              Memorandum
Opinion by Justice Carter

 

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            In September 2008, Scott Martin, SKM
Partnership, Ltd., individually and as a shareholder on behalf of Martin
Resource Management Corporation (MRMC), filed suit in Harris County against
MRMC, Ruben S. Martin, III, and thirty-nine other individuals.  That suit alleged, among other things, that
Ruben caused MRMC to issue shares of stock to the other defendants and breached
a fiduciary duty.  The suit listed numerous
causes of action and prayed for actual, exemplary, special, and consequential
damages, declaratory relief that the stock issuance was improper, return of the
shares issued, and other relief.

            In May 2010, MRMC sued Scott Martin
and four other defendants, alleging that they tortiously interfered with MRMC’s
contract to refinance existing indebtedness by filing the Harris County lawsuit
and for slander by issuing disparaging statements regarding MRMC and its
management.  MRMC prayed for actual and
exemplary damages.

             In this original proceeding, Raymond L. Brown
and Parks, Paton, Hoepfl & Brown, LLC, Michael Gayler, Gaylersmith Group,
LLC, and Scott Martin (Relators) contend that a Gregg County judge clearly
abused his discretion in denying their pleas to abate and dismiss the Gregg
County suit in favor of a first-filed suit in Harris County, containing “inherently
interrelated” facts. 

            Mandamus is an extraordinary remedy
that issues only to correct a clear abuse of discretion or violation of a duty
imposed by law when no other adequate remedy by law is available.  In re
Ford Motor Co., 988 S.W.2d 714, 721 (Tex. 1998) (citing State v. Walker, 679 S.W.2d 484, 485 (Tex. 1984)).  “Absent extraordinary circumstances not
present here, a denial of a motion to dismiss or a plea in abatement is a
ruling incident to the ordinary trial process which will not be corrected by
mandamus, but by the legal remedy of the ordinary appellate process.”  Hooks
v. Fourth Court of Appeals, 808 S.W.2d 56, 59 (Tex. 1991) (citing Abor v. Black, 695 S.W.2d 564, 566–67
(Tex. 1985) (“This court has consistently held that it lacks jurisdiction to
issue writs of mandamus to supervise or correct incidental rulings of a trial
judge, such as denials when there is an adequate remedy by appeal . . . includ[ing]
. . . pleas in abatement.”)). 

            Relators argue that the abatement
was required under the principle of dominant jurisdiction.  We have previously stated that “[m]andamus is
ordinarily available to resolve a conflict in jurisdiction between courts of
coordinate jurisdiction only when the trial court first taking jurisdiction has
been prohibited from proceeding, e.g., when the second court enjoins the
parties from taking any more action in the first court.”  In re
Ramsey, 28 S.W.3d 58, 63–64 (Tex. App.—Texarkana 2000, orig. proceeding) (citing
Abor, 695 S.W.2d at 567).  When both courts proceed with their separate
actions without attempting to hinder the other court’s jurisdiction, even
questions of dominant jurisdiction may generally be reviewed adequately by
appeal.  Id.  It is only when one
court directly interferes with the jurisdiction of the other that mandamus
becomes an appropriate remedy.  Id.; see
also In re U.S. Silica Co., 157 S.W.3d 434, 438–39 (Tex. 2005). 

            Relators argue that mandamus rules
have been modified by recent Texas Supreme Court opinions to the extent that
our determination as to the adequacy of an appellate remedy should be
determined by a “practical and prudential” balancing of the benefits and
detriments of mandamus review.  Citing In re Prudential Ins. Co. of Am., 148 S.W.3d
124, 136–37 (Tex. 2004); Perry v. Del Rio,
66 S.W.3d 239 (Tex. 2001).  While
Prudential did not concern a dominant jurisdiction question, Perry did.  But in Perry,
the Texas Supreme Court, in determining the proper presiding court in a
congressional redistricting challenge, held that since substantial rights of
the citizens of Texas were implicated, mandamus relief was necessary.  Perry,
66 S.W.3d at 257.  Even in those
circumstances, the Texas Supreme Court determined the district court order
actively interfered with the other court and met the requirements of Abor. 
Abor held that mandamus is
available to resolve a conflict in jurisdiction between courts only when the
second court actively interferes with the exercise of jurisdiction of the first
court; otherwise, a traditional appeal is an adequate remedy.  695 S.W.2d at 567.  No authority has been cited, nor has been
found, rejecting Abor or holding that
it is no longer authoritative in mandamus issues involving dominant trial court
jurisdiction.  

            The
two suits are related in that they both involve MRMC and the two major
shareholders, Scott and Ruben.  But the
basic dispute in the Harris County case is that MRMC and Ruben  improperly issued additional shares of stock
in MRMC, resulting in damage to Scott, whereas the Gregg County case alleges
that Scott’s actions, including filing the Harris County suit and making
disparaging statements, interfered with MRMC’s business relationship and
damaged the company.  

            In Morris v. Legatt, this Court found that even though the
controversies in that matter were interwoven, since the second suit did not
interfere with the exercise of jurisdiction to decide the ultimate issues in
the first suit, mandamus was not a proper remedy.  877 S.W.2d 899, 901 (Tex. App.—Texarkana
1994, orig. proceeding).  Because the
mandamus record filed in this case does not reveal any interference by the
Gregg County court upon the proceedings in the Harris County court, Relators
have an adequate remedy by appeal.  See In re Akins, No. 09-09-00447-CV,
2009 WL 3763776, at *1 (Tex. App.—Beaumont Nov. 12, 2009, orig. proceeding) (concluding
mandamus relief inappropriate); In re
Barnes, No. 04-07-00864-CV, 2007 WL 4375222 (Tex. App.—San Antonio Dec. 17,
2007, orig. proceeding) (same).  

            Finally, Relators also argue that
the Gregg County court abused its discretion in failing to deny the plea in
abatement for the purely discretionary reasons of “comity, convenience, and
orderly procedure.”  The only authority
cited is Dolenz v. Continental National
Bank of Fort Worth, 620 S.W.2d 572 (Tex. 1981), which is not a mandamus
proceeding, but is the normal appellate review after a final judgment.  Consequently, Dolenz is inapplicable to this case.  Even when basing the decision on purely
discretionary grounds, the Relators argue that the proper application of the
law allows only one conclusion—that the Gregg County case should be abated or
dismissed.  Based on the standard
required for mandamus relief, we cannot conclude that the trial court clearly
abused its discretion in denying the abatement.     

            Accordingly, we deny the petition
for writ of mandamus. 

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date
Submitted:          November 29, 2010

Date
Decided:             November 30, 2010