In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00126-CV

                                                ______________________________

 

 

 

                                                      IN
RE:  SCOTT D. MARTIN

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                                        Opinion
by Justice Moseley

                                                                              

                                                                              








                                                                   O P I N I O N

 

            Scott D. Martin
(Scott) seeks mandamus relief from this Court, arguing to us that the trial
court has erroneously refused to either abate or dismiss a suit in Gregg County
which Scott contends is inherently interrelated to a suit previously filed by
him in Harris County.  We deny
relief.  

Procedural History

            This application
for mandamus relief represents only one battle in the power struggle war
between Scott and his brother, Ruben Martin (Ruben), involving their family’s
company, Martin Resource Management Corporation (M.R.M.C.) and other related
persons.  See, e.g., In re Brown,
06-10-00108-CV, 2010 Tex. App. LEXIS 9421 (Tex. App.—Texarkana Nov. 30, 2010,
orig. proceeding) (mem. op.).[1]  M.R.M.C. was founded by the brothers’ father,
shares of which were apparently issued to various family members or to trusts
for their benefit.  In September 2008,
Scott filed suit in Harris County against M.R.M.C., Ruben, and several other
individuals, wherein he alleged that Ruben and some of the other defendants
wrongfully issued shares in M.R.M.C. with the aim of increasing the holdings
and voting power of these parties, to the detriment of Scott and others.  That chapter in the war was followed in May
2010, when M.R.M.C. filed suit against Scott in Gregg County, claiming that
Scott had engaged in various conduct which interfered with M.R.M.C.’s contract
to refinance existing indebtedness.  The
allegations were founded on Scott’s act of filing the Harris County lawsuit and
upon allegations that Scott had committed slander by issuing disparaging
statements regarding M.R.M.C. and its management.  M.R.M.C. subsequently abandoned all causes of
action in that lawsuit except for a claim of a breach of fiduciary duty.  Part of the alleged breach of fiduciary duty
was Scott’s filing of the Harris County lawsuit; M.R.M.C.’s petition claimed
that the filing of the Harris County suit was prompted by an intention on
Scott’s part to interfere with a specific business project which was being
pursued by M.R.M.C. at the time the suit was filed. 

            In the fall of
2010, Scott filed a plea in abatement in the Gregg County suit, seeking to have
that trial court abate its proceedings in favor of the proceeding in Harris
County.  The trial court denied that
plea, and we denied Scott’s petition for writ of mandamus to compel the Gregg
County court to abate.  Id. 
In denying mandamus relief, we pointed out the record did not indicate
any interference by the Gregg County trial court on the actions of the Harris
County trial court; thus, we found the relators had
an adequate remedy by appeal.  

            In November 2011,
Scott re-urged his plea for abatement or dismissal to the trial court, which
denied the motion once again.  Scott now
seeks mandamus relief from this Court, claiming that the Gregg County trial
court has interfered with the Harris County court’s suit and requesting us to
mandamus the Gregg County court to abate its case.              

Standard for Mandamus Relief

            

            Mandamus is an
extraordinary remedy that issues only to correct a clear abuse of discretion or
violation of a duty imposed by law when no other adequate remedy by law is
available.  In re Ford Motor Co., 988 S.W.2d 714, 725 (Tex. 1998) (orig.
proceeding) (citing State v. Walker,
679 S.W.2d 484, 485 (Tex. 1984)).  “Absent
extraordinary circumstances not present here, a denial of a motion to dismiss
or a plea in abatement is a ruling incident to the ordinary trial process which
will not be corrected by mandamus,
but by the legal remedy of the ordinary appellate process.”  Hooks v.
Fourth Court of Appeals, 808 S.W.2d 56, 59 (Tex. 1991) (orig. proceeding) (citing
Abor v. Black, 695 S.W.2d 564, 566–67 (Tex.
1985) (“This court has consistently held that it lacks jurisdiction to issue
writs of mandamus to supervise or correct incidental rulings of a trial judge when
there is an adequate remedy by appeal,” including inter alia, pleas in
abatement.)).

The Present Case

            Scott has
presented this Court with nothing to show the matter in the Gregg County
lawsuit before the trial court is any different than it was a year ago.  

The two suits are related in that they both
involve MRMC and the two major shareholders, Scott and Ruben.  But the basic dispute in the Harris County
case is that MRMC and Ruben improperly issued additional shares of stock in
MRMC, resulting in damage to Scott, whereas the Gregg County case alleges that
Scott’s actions, including filing the Harris County suit and making disparaging
statements, interfered with MRMC’s business relationship and damaged the
company.

 

Brown, 2010 Tex. App. LEXIS 9421, at **4–5.  In the previous incarnation of this request
for mandamus, we went on to reiterate that even if controversies in two
separate legal actions are interwoven, mandamus was not the proper remedy where
the second suit did not “interfere with the exercise of jurisdiction to decide
the ultimate issues in the first suit.”  Id. at *5 (citing Morris v. Legatt, 877 S.W.2d 899, 901
(Tex. App.—Texarkana 1994, orig. proceeding)). 
Scott directs us to the trial court’s issuance of a temporary injunction,
which enjoined Scott (or any party acting on his behalf) from taking any action
to prevent M.R.M.C.’s prosecution of the Gregg County case, to prevent M.R.M.C.
from participating in the Gregg County trial, or interfering with the Gregg
County trial.  We point out the trial
court’s injunction cited Scott’s attempts to have the Harris County court
enjoin M.R.M.C. from proceeding with the Gregg County case,[2] and
the Gregg County trial court’s specific finding that the Harris County trial
court did not have dominant jurisdiction over the issues pending in the Gregg
County trial court.[3]  

            We do not find
the trial court’s injunction against Scott amounted to interference on the part
of that trial court with the Harris County trial court’s proceedings.  

            We further do not
find the Gregg County trial court could have reached only one conclusion as to
the issue of whether the two suits are inherently interrelated.  See
Wyatt v. Shaw Plumbing Co., 760
S.W.2d 245, 247 (Tex. 1988) (plea in abatement in second-filed suit must be
granted where inherent interrelation exists between two cases; exact issues and
all parties need not be included in first action before second is filed if
claim in first suit can be amended to bring in all necessary and proper parties
and issues; rules of compulsory counterclaims and joinder
of parties to guide determination of presence of inherent interrelation).  Despite M.R.M.C.’s having abandoned some of
its causes of action, its last-filed petition alleged several acts which
occurred subsequent to the filing of the Harris County suit as grounds for M.R.M.C.’s
contention of breach of fiduciary duty. 
However, aside from his arguments that M.R.M.C.’s cause of action was a
compulsory counterclaim,[4]
Scott offers nothing upon which he seeks relief but a conclusory
assertion the suits are inherently interrelated.  As we said in our 2010 opinion, the two cases
are related.  However, the interrelation
of the two lawsuits is not such that would mandate they be tried together; as
we also pointed out above, there are several allegations in M.R.M.C.’s petition
which post-date the filing of the Harris County suit.  

No Compulsory Counterclaim

            Scott complains
of the trial court’s conclusion that M.R.M.C.’s petition did not allege a
compulsory counterclaim against Scott.[5]  Based on the parties’ pleadings and the
record supplied us, we do not find the trial court erred in its
conclusion.  First, it has not been
demonstrated that M.R.M.C.’s cause of action (alleging Scott breached his
fiduciary duty to M.R.M.C.) was mature at the time that M.R.M.C. filed its
answer to Scott’s suit.  For example,
M.R.M.C. alleges several acts subsequent to Scott’s suit which it alleges
amount to breaches of fiduciary duty, citing 
several actions taken by Scott throughout 2009 and 2010.  While it is true that Scott’s earlier-filed
suit in Harris County is part of M.R.M.C.’s allegation, it is not the sole
basis of its claim.  Thus, we cannot say
with certainty that Scott has demonstrated the maturity of M.R.M.C.’s claim at
the time it filed its response to the Harris County lawsuit.  

            Similarly, we
cannot conclude that M.R.M.C.’s action arose solely out of the occurrence or
transaction which is the subject of Scott’s suit.  Again, M.R.M.C.’s suit alleged several other
instances of conduct on the part of Scott other than filing of the Harris
County lawsuit.  To the extent that the
two lawsuits are related, it has not been demonstrated that M.R.M.C.’s suit
came out of the same events comprising Scott’s claim for relief in the Harris
County lawsuit.

            In sum, the
record does not establish M.R.M.C.’s action as a compulsory counterclaim to
Scott’s suit; the trial court did not clearly err in rejecting Scott’s
argument.  

            Having found the
two suits are not inherently interrelated, the Gregg County court has neither
acted to interfere with the jurisdiction or actions of the Harris County court,
nor is  M.R.M.C.’s cause of action a
compulsory counterclaim to Scott’s suit. 
Accordingly, we find Scott has not shown himself entitled to the
requested relief.  See Cantu v. Longoria,
878 S.W.2d 131 (Tex. 1994) (per curiam) (orig.
proceeding); Walker v. Packer, 827
S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).  

            We deny his
petition.  

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          January
12, 2012

Date Decided:             January
12, 2012

 











[1]At
this writing, there are also two other pending appeals before this Court, Scott Martin v. Martin Resource Management
Corp., bearing this Court’s cause number 06-11-00125-CV; and another case
bearing the same style, numbered 06-10-00005-CV.  See
also Martin v. Martin, 326 S.W.3d 741 (Tex. App.—Texarkana 2010, pet. ref’d).





[2]The
Harris County court denied Scott’s request for a temporary injunction. 

 





[3]The
trial court’s injunction is the subject of a separate appeal before this Court
in cause number 06-11-00125-CV.  





[4]Which
is not itself determinative of an inherent interrelation between suits.  See
Wyatt, 760 S.W.2d 245.  

 





[5]“[A]
counterclaim is compulsory only if:  (1)
it is within the jurisdiction of the court; (2) it is not at the time of filing
the answer the subject of a pending action; (3) the claim is mature and owned
by the defendant at the time of filing the answer; (4) it arose out of the same
transaction or occurrence that is the subject matter of the opposing party’s
claim; (5) it is against an opposing party in the same capacity; and (6) it
does not require the presence of third parties over whom the court cannot acquire
jurisdiction.”  Ingersoll-Rand Co. v. Valero Energy Corp., 997 S.W.2d 203, 207
(Tex. 1999); see Tex. R. Civ. P. 97(a).








uto'>Q.            They were hanging up?  Where were they hanging up, sir?

A.            In the closet.

  





[6]Zahn
first testified that he was sitting down in a rocking chair when Harris pinned
his arms to the chair.  On direct
examination, Zahn testified he was “sitting down” when Harris grabbed his
arms.  On cross-examination, Zahn
testified Harris knocked him down.  

 





[7]Sergeant
Russell testified Zahn had previously identified Harris in a photographic
lineup.  On direct examination, Zahn was
shown the photographic lineup and asked if he had “seen this before” and
answered “no.”  On redirect, Zahn
verified he had identified a suspect in a photographic lineup and identified
his initials on the exhibit.  





[8]Burris
described the blanket as a purple “baby blanket.”  Burris testified Harris had tied the blanket
around his face under his nose.