### In the Interest of M.A.W. and M.A.W., Children.

### No. 13-00-218-CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 5, 2000.

Juan P. Gonzalez, Douglas E. Mann, Cathy Pope Clark, Corpus Christi, for Appellant.

Walter D. Bryan, Asst. County Atty., Laura Garza Jimenez, County Atty., Corpus Christi, for Appellee.

Before Chief Justice SEERDEN and Justices DORSEY and RODRIGUEZ.

## OPINION

J. BONNER DORSEY, Justice.

Appellant, Tomeika Williams, appeals from a judgment terminating her parental rights to her two children, M.A.W. and M.A.W. By three issues appellant asserts that the trial court erred by denying her motion for new trial, by failing to find that termination was in the best interest of the children, and she argues that the trial court had no jurisdiction over the case. We affirm.

### I. Procedural History

On August 25, 1999 the Texas Department of Protective and Regulatory Services (the Department) took possession of appellant's two children in Bexar County, Texas and filed a petition in the 45th District Court of Bexar County, seeking termination of the parent-child relationship. The next day the Department was named temporary sole managing conservator of the children. On September 7, 1999 the 45th District Court granted the Department's motion to transfer the case to Nueces County, and on September 23,

1999, this case was assigned to the 94th District Court of Nueces County, Judge Jack Hunter presiding. On November 16, 1999, the case was called before Judge Carl Lewis, presiding judge of County Court at Law No. Five of Nueces County, for consideration of a service plan. At this hearing appellant signed an Affidavit of Voluntary Relinquishment of Parental Rights. By signing this affidavit appellant indicated that she was freely, voluntarily, and permanently relinquishing all of her parental rights and duties concerning the two children to the Department. Judge Lewis accepted the affidavit, ordered the termination of appellant's parental rights with respect to the two children, and ordered that the Department be named as their managing conservator.

On December 6, 1999 a decree of termination was signed in this case. On December 9, 1999 Judge Hunter signed an order transferring the case from the 94th District Court to County Court at Law No. Five.

## II. Jurisdiction

By her first issue appellant asserts that because the case was not transferred to County Court at Law No. Five until *after* the termination decree was signed, Judge Lewis did not have jurisdiction over the case when he terminated her parental rights, or at the time the decree was signed. She argues that because Judge Lewis did not have jurisdiction over her case he had no authority to terminate her parental rights. We disagree.

■ Effective September 1, 1999, the Texas Legislature created County Court at Law No. Five and gave it jurisdiction of "any proceeding involving an order relating to a child in the possession or custody of the Department of Protective and Regulatory Services." TEX.GOVT.CODE ANN. § 25.1802(r)(2) (Vernon Supp.2000). When Judge Lewis heard this case, the Department was seeking the termination of the parent-child relationship. It had taken possession of the children and was named

their temporary sole managing conservator. Because the proceedings before Judge Lewis involved an order relating to children in the possession or custody of the Department, Judge Lewis as the judge of County Court at Law No. Five had jurisdiction to hear this case.

■ The next question is whether Judge Lewis's termination of appellant's parental rights was void due to the fact that the case was not transferred to his court until after the termination decree was signed. Appellant failed to object on the basis that the case had not been transferred to County Court at Law No. Five and, therefore, has not preserved this issue for our review. TEX.R.APP.P. 33.1. However even if appellant had objected on this basis we conclude that Judge Lewis had the authority to terminate appellant's parental rights even though the case had not been transferred to him.

Section 74.094(a) of the Texas Government code provides that:

> A district or statutory county court judge may hear and determine a matter pending in any district or statutory county court in the county regardless of whether the matter is preliminary or final or whether there is a judgment in the matter. The judge may sign a judgment or order in any of the courts *regardless of whether the case is transferred.* The judgment, order, or action is valid and binding as if the case were pending in the court of the judge who acts in the matter . . . .

TEX.GOV'T CODE ANN. § 74.094(a) (Vernon Supp.2000) (emphasis added). In *Camacho v. Samaniego,* 831 S.W.2d 804 (Tex. 1992) the court in its discussion of section 74.094(a) stated that "within a county, district and statutory county court judges may exchange benches, *sign a judgment or order in another court without transferring the case,* and be subject to assignment of any trial or proceeding by the local

administrative judge." *Id.* at 811.[1] Accordingly section 74.094(a) did not require the 94th District Court to transfer the case to County Court at Law No. Five before Judge Lewis could terminate appellant's parental rights. *See Camacho,* 831 S.W.2d at 811.

By this same issue appellant complains that the termination decree was not signed by either Judge Lewis or Judge Hunter. The decree appears to be signed by Judge Manuel Banales, presiding judge of the 105th District Court of Nueces County. Because district and statutory county court judges may sign a judgment or order in another court without transferring the case we conclude that Judge Banales had the authority to sign the decree. *See Camacho,* 831 S.W.2d at 811.

We hold that Judge Lewis had the authority to terminate appellant's parental rights and that his decision to do so is not void. We overrule the first issue.

### III. Findings Under Section 161.001

By her second issue appellant argues that the trial court failed to make any findings that termination of her parental rights was in the best interest of the children. Section 161.001(1) of the Texas Family Code provides that in cases like the one before us involving an affidavit of relinquishment, the trial court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that the parent has: "(K) executed before or after the suit is filed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by this chapter; and (2) that termination is in the best interest of the child." TEX.FAM. CODE ANN. § 161.001(1)(K) & (2) (Vernon Supp.2000).

▪ In the instant case the termination decree stated in relevant part that the court "finds by clear and convincing evi-

dence" that pursuant to section 161.001(1) of the Texas Family Code that appellant "executed before or after the suit is filed an unrevoked or irrevocable affidavit of relinquishment of parental rights." The decree also stated that the court "finds based upon clear and convincing evidence presented in trial" that "termination of the parent-child relationship between ... [appellant] and the children ... [M.A.W. and M.A.W.], is in the best interest of the children." We hold that this language complies with the requirements of section 161.001 and constitutes a finding that termination of appellant's parental rights was in the best interest of the children. We overrule the second issue.

### IV. Motion For New Trial

By her third issue appellant asserts that the trial court erred (1) by accepting her affidavit of relinquishment, and (2) by failing to grant her motion for new trial to revoke the affidavit because she signed it under duress and without proper understanding. Section 161.211(c) of the Texas Family Code provides that "A direct or collateral attack on an order terminating parental rights based on an unrevoked affidavit of relinquishment of parental rights ... is limited to issues relating to fraud, duress, or coercion in the execution of the affidavit." TEX.FAM.CODE ANN. § 161.211(c) (Vernon Supp.2000). In *Neal v. Texas Dep't of Human Servs.,* 814 S.W.2d 216 (Tex.App.—San Antonio 1991, writ denied) the court stated that "[A]n involuntarily executed affidavit is a complete defense to a termination suit or decree based solely upon a finding under section [161.001(1)(K) ] of the Family Code." *Id.* at 219.

▪ In the instant case the evidence showed that appellant did not make any claim of duress, overreaching, coercion, or

---

1. We point out that the *Camacho* Court also interpreted section 74.094(a) as "allowing a statutory county court judge to hear, determine, and sign a judgment in a matter pending in district court outside his court's jurisdiction without transferring the case." *Camacho,* 831 S.W.2d at 811.

fraud at the time of the relinquishment or at the motion for new trial. At the hearing on the motion for new trial appellant's testimony was that when she signed the affidavit of relinquishment she believed that it was in the best interest of the children to relinquish her rights to them. Appellant knew what she was doing when she signed the affidavit and understood that the affidavit was irrevocable. Appellant indicated that she had changed her mind and wanted her children returned to her. This evidence does not show that appellant executed the affidavit due to fraud, duress, coercion, or that she involuntarily executed the affidavit. We hold that the trial court did not err by accepting her affidavit and overruling the motion for new trial. We overrule the third issue.

We affirm the trial court's judgment.