ACCEPTED
06-16-00008-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/16/2016 11:18:17 AM
DEBBIE AUTREY
CLERK

**NO. 06-16-00008-CV**

**IN THE SIXTH COURT OF APPEALS
AT TEXARKANA, TEXAS**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

6/16/2016 11:18:17 AM

DEBBIE AUTREY
Clerk

**JOHN VERNON
HEARNSBERGER,
        APPELLANT,**

**VS.**

**PANOLA COUNTY, TEXAS;
JACK ELLECT; DAVID JETER
AND RONALD CLINTON,
        APPELLEES.**

---

**BRIEF OF APPELLEES PANOLA COUNTY, JACK ELLECT, DAVID
JETER AND RONALD CLINTON**

---

Respectfully Submitted,

*/s/ Stephen R. Marsh*
STEPHEN R. MARSH
Texas Bar No. 13019700
DAVID KLOSTERBOER & ASSOCIATES
1301 E. Collins Blvd., Suite 490
Richardson, Texas 75081
Telephone: (214) 570-6300
Facsimile: (214) 570-6262
Email: smarsh@travelers.com
ATTORNEY FOR APPELLEES

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................. ii

STATEMENT OF THE CASE .............................................................................1

ISSUES PRESENTED

    ISSUE NO. 1 RESTATED:  The procedural irregularities in this
    case violate the Texas Rules of Civil Procedure and Constitutional
    due process because Appellant received only the notice required by
    the rules of the setting of the motion to dismiss and because the trial
    court heard the matter under the statute authorizing concurrent
    jurisdiction ......................................................................................................2

    ISSUE NO. 2 RESTATED:  There were no relevant procedural
    irregularities because no order of transfer was required for the
    Court to hear the matter.  The complaints about notice and the
    timing of the transfer have nothing to do with the relevant
    procedural law about which Court can hear and enter orders in
    the case ............................................................................................................2

STATEMENT OF FACTS ...................................................................................3

SUMMARY OF THE ARGUMENT ....................................................................6

ARGUMENT ......................................................................................................8

PRAYER ............................................................................................................12

CERTIFICATE OF SERVICE ...........................................................................13

CERTIFICATE OF COMPLIANCE WITH TRAP 9.4(i)(3) ...............................14

# INDEX OF AUTHORITIES

**CASES**

*City of Corpus Christi,* 51 S.W.3d at 262, 264 ........................................9

*Faddoul, Glasheen & Valles, P.C. v. Oaxaca*, 52 S.W.3d 209, 213
(Tex. App. 2001) ........................................ 12

*In re M.A.W.*, 31 S.W.3d 372, 374 (Tex. App. 2000) ..................................8, 10, 11

*In re U.S. Silica Co.*, 157 S.W.3d 434, 439 (Tex. 2005) ........................................8

*Mission Consol. Independent School Dist. v. Garcia,* 253 S.W.3d 653
(Tex. 2008) ........................................1, 4, 5, 7, 9

*Office of Pub. Util. Counsel v. Pub. Util. Comm'n, 185* S.W.3d 555, 576
(Tex. App. 2006) ........................................ 9

*Smith v. Brown*, 51 S.W.3d 376, 380 (Tex. App. 2001) ........................................ 11

**STATUTES AND PUBLICATIONS**

48B Tex. Prac., Tex. Lawyer & Jud. Ethics § 40:81
(2016 ed.) ........................................ 10

Tex.R.App.P. 33.1 ........................................ 1, 2, 3, 6, 7, 8, 10, 11, 12

Tex.R.App.P 45 ........................................3, 6, 11

Tex.R.App.P. 74(d) ........................................1, 3, 6, 8, 11, 12

Texas Tort Claims Act ........................................1, 3, 7

V.T.C.A., Government Code § 74.094 ........................................5, 7

**RULES**

TX R PANOLA CTY DIST Rule 1.13 ........................................5, 6, 7

# BRIEF OF APPELLEES

## STATEMENT OF THE CASE

After failing to serve timely notice of a claim under the Texas Tort Claims Act, Appellant filed a suit subject to dismissal under *Mission Consol. Independent School Dist. v. Garcia*, 253 S.W.3d 653 (Tex. 2008). Appellant sued both the individuals and the governmental entity in the same suit and both moved to dismiss, setting the matter after Appellant had the thirty days set by statute to voluntarily comply.

Appellant was given the notice required by law of the hearing.

The hearing on the motion to dismiss was heard by the County Court at Law under concurrent jurisdiction as authorized by a statute that does not require that the case be transferred. Appellant, with the advice of counsel, chose not to respond to the motion or to appear at the hearing and to waive any error. Appellant then chose not to comply with Tex.R.App.P. 33.1 or Tex.R.App.P. 74(d) in taking his appeal. In the appeal the Appellant has not challenged the merits of the dismissal.

Rather, the Appellant complains of the timing of the transfer of the case between courts (which was not relevant to the jurisdiction or the statute authorizing the trial court to hear the matter with or without transfer) and that he was given only the notice required by law instead of additional notice.

It is uncontested that the trial court entered appropriate relief on the merits.

## ISSUES PRESENTED

### ISSUE NO. 1 RESTATED

The procedural irregularities in this case violate the Texas Rules of Civil Procedure and Constitutional due process because Appellant received only the notice required by the rules of the setting of the motion to dismiss and because the trial court heard the matter under the statute authorizing concurrent jurisdiction.

### ISSUE NO. 1 REPLY POINT

There were no relevant procedural irregularities because no order of transfer was required for the Court to hear the matter. The complaints about notice and the timing of the transfer have nothing to do with the relevant procedural law about which Court can hear and enter orders in the case.

### ISSUE NO. 2 RESTATED

The Court erred in hearing the Appellee's motion even though there was no requirement under governing law that the matter be transferred from the 123rd Judicial District Court to the County Court at Law.

### ISSUE NO. 2 REPLY POINT

The allegations of procedural irregularity are irrelevant because there is no showing of harm as the Appellant failed to address the underlying merits.

### ISSUE NO. 3/ REPLY POINT

Intentionally not attending the hearing because of alleged procedural irregularities, and failing to raise the issues as required by Tex.R.App.P. 33.1 before taking an appeal, waives any alleged irregularities.

## ISSUE NO. 4 / CROSS POINT

Given the Appellant's failure to comply with both Tex.R.App.P. 33.1 and Tex.R.App.P. 74(d) and that the Appellant was so clearly put on notice of the well-established law before the filing of Appellant's Brief, Tex.R.App.P 45 should be applied to this case and the Appellant charged $5.00.00 which should be sufficient to prevent any future violations of the rules.

## STATEMENT OF FACTS

Appellant was a deputy sheriff. Appellant embezzled funds. He also defrauded a secured creditor. He was indicted for the embezzlement [ROA 14] by the grand jury [ROA 19]. There were also other matters [e.g. see the Exhibit 4 referred to at ROA 14, ROA 15].

Appellant had not been given Miranda warnings. Evidence was suppressed and the case dismissed [ROA 14]. The causes of action that he alleged occurred in October of 2012.

Appellant then filed a federal suit alleging an enforceable interest in employment as a deputy sheriff [*cf* ROA 19]. A motion for summary judgment was filed and the Appellant non-suited his federal action before the Court ruled [ROA 18ff]. Appellant never gave a timely Texas Tort Claims Act notice. [ROA 12-13].

After dismissing his federal cause of action, he filed suit under the Texas Tort Claims Act against both the governmental entity and the individuals in the same litigation in October 2015 [ROA 4].

The Appellees filed a motion to dismiss which gave the Appellant thirty days to voluntarily dismiss the individual parties. Appellant was put on notice that if Appellant failed to properly dismiss the appropriate parties within thirty days, then relief under *Mission Consol. Independent School Dist. v. Garcia*, 253 S.W.3d 653 (Tex. 2008) would be sought as to all parties under the Act. This was clearly laid out [ROA 24].

Appellant's merits below were [ROA 25]:

1.   Embezzlement is not a crime.

2.   He had a property right in his employment as a sheriff's deputy.

3.   He had a right to have the Appellees interfere with the independent Texas Ranger investigation to keep him from being arrested on a grand jury indictment.

Under the Act, the Appellant's case in chief below was subject to mandatory dismissal of the individual parties and to dismissal of the governmental entity due to immunity. The Act gives thirty days for voluntarily dismiss after the appropriate motion is filed [ROA 25-30]. Because of the thirty day period, the matter would not be ripe for being set until that period of time passed.

Since the Appellant had thirty days to dismiss on his own initiative, Appellees noted that they would give Appellant thirty days in order to make all matters ripe in their pleading. When Appellant failed to take advantage of the

statutory procedures, the matter was then set for hearing and the Plaintiff was given notice of the hearing as follows [ROA 47]:

> This is to give you notice that the Motion to Dismiss has been set for hearing at 10:00 a.m. on December 15, 2015 before the County Court at Law for Panola County. The Panola County Court at Law has unlimited jurisdiction (not all county courts at law do).

That letter does not suggest any transfer. There is nothing to suggest that the hearing was set well in advance of the notice, though the only requirement of notice is meeting the statutory time. The other conclusions appear to have been raised because Appellant's counsel fails to remember the *Mission Consol. Independent School Dist. v. Garcia* factors explained to him earlier.

Under the local rules both the District Court and the County Court at Law had authority to hear any matter pending in either Court without a transfer which is why there was no indication of a transfer. The local rules are clear and state [emphasis added][Note this is also at ROA 43]:

1.    A case over which the District Court and the County Court at Law have concurrent jurisdiction may be transferred from one Court to the other by order of the judge of the Court in which the case is pending with the consent of the judge of the Court to which it is transferred.

2.    Pursuant to V.T.C.A., Government Code Section 74.094, the District Judge or **the County Court at Law Judge may hear and determine a matter pending in either Court** regardless of whether the matter is preliminary or final or whether there is a judgment in the matter. **Either judge may sign a judgment or order in either court regardless of whether the case is transferred.** The judgment, order or action is valid and binding

as if the case were pending in the Court of the judge who acts on the matter.

*TX R PANOLA CTY DIST Rule 1.13*

The Appellant chose not to appear for the hearing [Appellant's Brief 5] after his attorney stated that he would be there [ROA 53].

Because of his willful choice not to appear, and because of the merits, his claims were dismissed. Following dismissal, Appellant chose not to file any Tex.R.App.P. 33.1 pleading [cf ROA 35].

In the Appeal, Appellant has chosen not to contest that the Texas Tort Claims Act applies to this matter and is dispositive of his case. Appellant challenges only the details of the irrelevant transfer of the case from District Court to County Court-at-Law without addressing the issue of concurrent jurisdiction or the underlying merits of the case. In addition, Appellant fails to comply with Tex.R.App.P. 74(d).

Given the well-established law, the failure to comply with Tex.R.App.P. 74(d) and Tex.R.App.P. 33.1 means that Tex.R.App.P. 45 applies to this matter.

## SUMMARY OF THE ARGUMENT

The key factor in the argument is that the matter below was not required to be transferred between the Courts for either judge to hear the motion to dismiss and enter a final judgment because of the local rules and the appropriate statute. Citing, with emphasis added:

> Pursuant to V.T.C.A., Government Code Section 74.094, the District Judge or **the County Court at Law Judge may hear and determine a matter pending in either Court** regardless of whether the matter is preliminary or final or whether there is a judgment in the matter. **Either judge may sign a judgment or order in either court regardless of whether the case is transferred.** The judgment, order or action is valid and binding as if the case were pending in the Court of the judge who acts on the matter.

An order of transfer was never required and the discussion about the transfer is a red herring. Even if an order of transfer was required, Appellant's intentional non-appearance at the hearing waived any error. Appellant's subsequent failure to meet the burden of Tex.R.App.P. 33.1 means that had he not waived error by non-attendance, he waived error by failure to comply with Tex.R.App.P. 33.1.

Failure to address the merits also waives error. Since the Texas Tort Claims Act and the Texas Supreme Court's decision in *Mission Consol. Independent School Dist. v. Garcia*, 253 S.W.3d 653 (Tex. 2008) clearly dispose of the merits there is nothing that Appellant could have addressed.

## ISSUE NO. 1 RESTATED/REPLY POINT

> There were no relevant procedural irregularities because no order of transfer was required for the Court to hear the matter. The complaints about the timing of the transfer have nothing to do with the relevant procedural law about which Court can hear and enter orders in the case with or without a transfer.

## ARGUMENT

The law that either Court was empowered to hear any matter without an order of transfer was clearly set out in the Response to the Motion for Extension of Time. Rather than respond to the clear language of the statute "Either judge may sign a judgment or order in either court regardless of whether the case is transferred" the Appellant instead complains about the timing of the irrelevant order of transfer without complying with Tex.R.App.P. 74(d). That is probably because the clear law on point disagrees completely with his argument. Viz.

> The next question is whether Judge Lewis's termination of appellant's parental rights was void due to the fact that the case was not transferred to his court until after the termination decree was signed. Appellant failed to object on the basis that the case had not been transferred to County Court at Law No. Five and, therefore, has not preserved this issue for our review. Tex.R.App.P. 33.1. However even if appellant had objected on this basis we conclude that Judge Lewis had the authority to terminate appellant's parental rights even though the case had not been transferred to him.

In re M.A.W., 31 S.W.3d 372, 374 (Tex. App. 2000).

See also other cases such as In re U.S. Silica Co., 157 S.W.3d 434, 439 (Tex. 2005), etc. The timing of the transfer is irrelevant and there were no procedural irregularities.

## ISSUE NO. 2 RESTATED/REPLY POINT

The allegations of procedural irregularity are irrelevant because there is no showing of harm as the Appellant failed to address the underlying merits.

## ARGUMENT

Under the *Mission Consol. Independent School Dist. v. Garcia*, 253 S.W.3d 653 (Tex. 2008) standards, the Appellant has no defense to the dismissal of the individual parties and no defense to the immunity of the governmental entity. Appellant can show no harm and can show nothing that the Court below should have done differently on the merits.

This is fatal to the appeal, even if there were irregularities since the rule is that a party must show that there are merits to their case. That is clear law.

> Procedural irregularities do not warrant reversal absent a showing of harm. *City of Corpus Christi,* 51 S.W.3d at 262, 264 (Commission's "failure to follow procedural requirements of statutes or rules is not reversible error without a showing of harm").

> Office of Pub. Util. Counsel v. Pub. Util. Comm'n, 185 S.W.3d 555, 576 (Tex. App. 2006).

Appellant cannot meet that burden because the well-established law is that if a party sues individuals and a governmental entity in the same suit, on motion the individuals must be dismissed within thirty days. Further, the law is clear that as to all causes of action alleged, the governmental entity has immunity. There are no underlying merits in Appellant's favor.

## ISSUE NO. 3 / REPLY POINT

Intentionally not attending the hearing because of alleged procedural irregularities, and failing to raise the issues as required by Tex.R.App.P. 33.1 before taking an appeal, waives any alleged irregularities.

## ARGUMENT

Appellant twice waived all error. As to Tex.R.App.P. 33.1. the Rule has approximately 21,693 citing references showing in Westlaw. They are well summarized as follows:

If, however, the complaint is that the judge acted in a case without statutory or procedural authority, the alleged error is not void, but voidable, and must therefore be raised by objection or complaint to be preserved for appellate review

48B Tex. Prac., Tex. Lawyer & Jud. Ethics § 40:81 (2016 ed.)

Timing of an objection to a judge's lack of procedural compliance is critical to the success of the objection, in that a party may not raise that issue for the first time on appeal:

48B Tex. Prac., Tex. Lawyer & Jud. Ethics § 40:81 (2016 ed.)

… procedural irregularities that must be raised at trial to preserve appellate relief include the absence of an order assigning a judge at the time of the trial

48B Tex. Prac., Tex. Lawyer & Jud. Ethics § 40:81 (2016 ed.)

The lead case for this point states as follows:

The next question is whether Judge Lewis's termination of appellant's parental rights was void due to the fact that the case was not transferred to his court until after the termination decree was signed. Appellant failed to object on the basis that the case had not been transferred to County Court at Law No. Five and, therefore, has

---

not preserved this issue for our review. Tex.R.App.P. 33.1. However even if appellant had objected on this basis we conclude that Judge Lewis had the authority to terminate appellant's parental rights even though the case had not been transferred to him.

In re M.A.W., 31 S.W.3d 372, 374 (Tex. App. 2000)

A party must properly object in order to preserve the issue for an appeal. Deciding not to attend the hearing and to wait until an appeal to raise any error is a decision to waive all error.

Even if the Appellant had objected and then met the requirements of Tex.R.App.P. 33.1, the objections would have been without merit. That explains why the Appellant did not raise an objection in the Court below and why the Appellant has failed to address the specific law and statute that apply in the appeal but instead has focused on the provisions that do not apply and avoided any law that discusses what the provisions mean.

## ISSUE NO. 4 – CROSS ISSUE

Given the Appellant's failure to comply with both Tex.R.App.P. 33.1 and Tex.R.App.P. 74(d) and that the Appellant was so clearly put on notice of the well-established law before the filing of Appellant's Brief, Tex.R.App.P 45 should be applied to this case and the Appellant charged $5.00.00 which should be sufficient to prevent any future violations of the rules.

## ARGUMENT

The Court is authorized to award a prevailing party "just damages" if the Court determines that an "appeal is frivolous" *Smith v. Brown*, 51 S.W.3d 376, 380

(Tex. App. 2001). Elements that go to an appeal being frivolous include "the unexplained failure to file a motion for new trial when it is required" *Faddoul, Glasheen & Valles, P.C. v. Oaxaca*, 52 S.W.3d 209, 213 (Tex. App. 2001) (i.e. the failure to comply with Tex.R.App.P. 33.1, above) and a brief that fails to raise arguable points of error (failure to comply with Tex.R.App.P. 74(d)).

A sanction of $5.00.00 (five dollars) under the rules is appropriate and sufficient.

## NOTE

Appellant's prayer addresses a temporary injunction that does not appear to be relevant to this matter.

## PRAYER

Appellees request the Court to affirm the judgment of the trial court. In the alternative, the Court should render the matter in Appellees favor on the merits and enter such other orders as are just and right.

Respectfully Submitted,

DAVID KLOSTERBOER & ASSOCIATES

*/s/ Stephen R. Marsh*
STEPHEN R. MARSH
Texas Bar No. 13019700
1301 E. Collins Blvd., Suite 490
Richardson, TX  75081
Direct Telephone:  214-570-6292
Telephone: 214-570-6300
Facsimile: 214-570-6262
Email: smarsh@travelers.com
ATTORNEYS FOR APPELLEES


## CERTIFICATE OF SERVICE

This is to certify that on the 16th day of June, 2016 a true and correct copy of the foregoing document was delivered in accordance with Rule 21a of the Texas rules of Civil Procedure via First Class U.S. Mail to the counsel of record listed or by electronic delivery for those counsel available through the e-filing system.

*/s/ Stephen R. Marsh*
STEPHEN R. MARSH


## CERTIFICATE OF COMPLIANCE WITH TRAP 9.4(i)(3)

This document complies with the typeface requirements of Tex.R.App.P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 4,500 words or fewer, which includes any parts exempted by Tex. R. App. P. 9.4(i)(1).

*Stephen R. Marsh*
STEPHEN R. MARSH