

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-16-00008-CV

---

JOHN VERNON HEARNSBERGER, Appellant

V.

PANOLA COUNTY, TEXAS; JACK ELLETT;
DAVID JETER AND RONALD CLINTON, Appellees

---

On Appeal from the County Court at Law
Panola County, Texas
Trial Court No. 2015-371

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

On October 20, 2015, John Vernon Hearnsberger filed a pro se action for false imprisonment and malicious prosecution against Panola County, its former sheriff, Jack Ellett, and two of its deputies, David Jeter and Ronald Clinton, in the 123rd Judicial District Court of Panola County. On October 30, 2015, Panola County and the individual defendants filed a motion to dismiss the individual defendants pursuant to Section 101.106(e) and (f) of the Texas Civil Practice and Remedies Code[1] and to dismiss the County since its immunity had not been waived. On December 14, 2015, the judge of the district court signed an order transferring the case to the County Court at Law of Panola County, although the signed order was not filed of record until December 21, 2015. On December 15, 2015, the Honorable Terry D. Bailey, judge of the county court at law, heard the motion to dismiss[2] and signed an order dismissing the case as to all defendants.

---

[1]Section 101.106 is entitled "Election of Remedies" and provides:

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.
> . . . .
> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.
> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a), (e), (f) (West 2011).

[2]Although Hearnsberger received proper notice of the hearing, he did not appear.

On appeal, Hearnsberger asserts that the county court at law erred in hearing the motion since the order transferring the case to that court had not been filed and that the irregularity in the transfer violated the Texas Rules of Civil Procedure and his due process rights. Hearnsberger does not challenge the merits of the dismissal. We affirm the judgment of the trial court.

In his brief, Hearnsberger does not cite any rule of civil procedure, statute, constitutional provision, or caselaw to support his points of error. Our appellate Rules require that the appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *Moseley v. Arnold*, 486 S.W.3d 656, 660 n.5 (Tex. App.—Texarkana 2016, no pet.); *In re Estate of Curtis*, 465 S.W.3d 357, 379 (Tex. App.—Texarkana 2015, pet. dism'd). In his brief, Hearnsberger fails to cite any authority in support of his arguments. "[F]ailure to cite authority in support of a point of error waives the complaint." *Leyva v. Leyva*, 960 S.W.2d 732, 734 (Tex. App.—El Paso 1997, no writ); *see also Ebner v. First State Bank of Smithville*, 27 S.W.3d 287, 303 n.28 (Tex. App.—Austin 2000, pet. denied) (issue without argument or authority is waived). In addition, an appellant claiming that his constitutional rights have been violated must show how those rights were violated. *See Custer v. Wells Fargo Bank, N.A.*, No. 03-15-00362-CV, 2016 WL 1084165, at *3 (Tex. App.—Austin Mar. 18, 2016, pet. filed); *see Edwards Aquifer Auth. v. Day*, 369 S.W.3d 814, 844 (Tex. 2012) (refusing to consider appellant's constitutional claim when he failed to demonstrate how his constitutional rights were violated). Hearnsberger has not demonstrated how his right to due process was violated by the county court at law holding a hearing, for which he had proper notice, in a case that had been transferred to it by the district court. Therefore, we find that these points

3

of error are waived as inadequately briefed. *Thomas v. Graham Mortg. Corp.*, 408 S.W.3d 581, 595 n.5 (Tex. App.—Austin 2013, pet. denied).

Even if Hearnsberger had not waived his points of error, we find no irregularity that merits reversal. In Panola County, the county court at law has concurrent jurisdiction with the district court. TEX. GOV'T CODE ANN. § 25.1852(a) (West Supp. 2016). District courts and statutory county courts "have broad discretion to exchange benches and enter orders on other cases in the same county, even without a formal order or transfer." *In re U.S. Silica Co.*, 157 S.W.3d 434, 439 (Tex. 2005) (per curiam) (orig. proceeding) (citing TEX. GOV'T CODE ANN. § 74.094(a)). Section 74.094 provides:

> (a)     A district or statutory county court judge may hear and determine a matter pending in any district or statutory county court in the county regardless of whether the matter is preliminary or final or whether there is a judgment in the matter. *The judge may sign a judgment or order in any of the courts regardless of whether the case is transferred.* The judgment, order, or action is valid and binding as if the case were pending in the court of the judge who acts in the matter.

TEX. GOV'T CODE ANN. § 74.094(a) (West 2013) (emphasis added). Further, the district court and county court at law in Panola County have adopted local rules mirroring Section 74.094(a). *See* 123RD (TEX.) DIST. CT. & COUNTY COURT AT LAW LOC. R. 1.13(b) (Panola County). Therefore, whether the case had been effectively transferred at the time of the hearing or not, the county court at law had the authority to hear the motion to dismiss and to enter the order of dismissal. *See In re M.A.W.*, 31 S.W.3d 372, 374–75 (Tex. App.—Corpus Christi 2000, no pet.).

4

We affirm the judgment of the trial court.


Ralph K. Burgess
Justice

Date Submitted:      July 28, 2016
Date Decided:        August 26, 2016